IN THE UNITED STATE S DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY A. BUSH,

    Plaintiff,                              No. CIV S-01-1653 MCE KJM P

    vs.

C/O GRAY, et al.,                            <u>ORDER AND</u>

    Defendants.                        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.

I. <u>Motion For Copy Of Deposition Transcript</u>

        On October 18, 2004, plaintiff filed a motion seeking a copy of the transcript of his deposition or the opportunity to review it. Plaintiff is free to seek a copy from the court reporter who recorded the deposition. To the extent plaintiff requests that the court or defendant pay for the copy of the transcript, plaintiff fails to provide: (1) any legal support for his request; or (2) any specific reason why not providing plaintiff with a copy of his transcript would render these proceedings unfair. As noted by plaintiff, under Rule 30(e) of the Federal Rules of Civil Procedure, a deponent has the right to review the transcript of his or her deposition for errors if the deponent requests the opportunity to do so before the end of the deposition. Plaintiff has not

1

indicated he made such a request.[1] Based on the foregoing, plaintiff's October 18, 2004 "Motion For Transcript Of The Deposition Hearing" will be denied.

II. Cross Motions For Summary Judgement

    Both parties have filed motions for summary judgment. Defendant asserts plaintiff's cross-motion is late because it was filed after the pretrial motion filing deadline established in the court's May 3, 2004 scheduling order. Under Rule 56 of the Federal Rules of Civil Procedure, a plaintiff is permitted to file a cross-motion for summary judgment in response to a motion for summary judgment. Accordingly, the court will consider plaintiff's motion. Defendant did not oppose plaintiff's motion on grounds other than untimeliness but asks for leave to file further opposition if plaintiff's cross-motion is considered. From the record before the court and for the reasons that follow, it does not appear there is any reason to grant leave for defendant to file further opposition. Therefore, her request will be denied.[2]

    A. Summary Judgment Standards

    Both parties have moved for summary judgment. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////
/////
/////
/////

---

[1] Plaintiff makes the vague statement that he "expressed concern about obtaining a copy of the transcript . . . ." Mot. for Transcript of Depo. Hearing at 2:16-17. The court reporter's certification does not indicate whether plaintiff requested a review before the deposition concluded. Fed. R. Civ. P. 30(e), (f). In any case, it appears plaintiff's request is moot, as he cites to the deposition transcript in his opposition to summary judgment. See, e.g., Opp'n at 12:10.

[2] Defendant requested an extension of time in which to file a reply to plaintiff's opposition to summary judgment, but did not file a reply.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, or other admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On March 24, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

B. Plaintiff's Allegations In His Complaint

In 1999, plaintiff desired to file a petition for review in the California Supreme Court regarding the denial of an application for writ of habeas corpus by the California Court of Appeal. On October 7, 1999, plaintiff asked defendant to obtain copies of the petition plaintiff believed he was required to submit along with the original to the California Supreme Court. Plaintiff told defendant that the petition had to be filed within two days. Defendant, who did not take the petition from plaintiff for copying, did not follow up on plaintiff's request and plaintiff had no other means to obtain copies of his petition so that the petition could be filed on time. Compl. at 2-3.

Realizing he would not be able to file a copy of his petition with copies, plaintiff wrote to the state Supreme Court on October 7, 1999, requesting an extension of time. Id. at 3. On October 19, 1999, the Supreme Court staff responded, informing him that the petition would not be accepted after the deadline. Id. at 3 & Ex. 3. In the same letter, plaintiff was informed by the Supreme Court staff that he could file an original habeas action in that court, raising the same claim plaintiff wanted to raise in his petition for review. Id. At the same time, and in a subsequent letter dated November 23, 1999 as well, Supreme Court staff let petitioner know it would accept a single copy of a petition if he was unable to obtain the number of copies typically required. Id., Ex. 3.

Based on the foregoing, plaintiff claims defendant denied him access to the courts in violation of the United States Constitution and 42 U.S.C. § 1983, and subjected him to violations of California law. On February 21, 2003, the court ordered service of process of plaintiff's complaint on defendant Gray.[3]

---

[3] In his opposition to defendant Gray's motion for summary judgment, and in his cross-motion, plaintiff, at times, refers to multiple "defendants." See, e.g., Cross Mot. for Summ. J. at 5:8. As provided in the court's February 21, 2003 order, this action is proceeding only against defendant Gray. Moreover, plaintiff fails to specifically name any other defendants in his complaint. See Compl. at 2.
   Also, in his cross-motion and opposition, plaintiff introduces the suggestion that he

5

C. Denial Of Access To Courts

Defendant argues there are no facts suggesting defendant denied plaintiff access to the courts in violation of the Constitution. The right to access to the courts includes more than the right to not have physical access blocked. See Lewis v. Casey, 518 U.S. 343, 351, 365-66 (1996) (access must be "meaningful"); Bounds v. Smith, 430 U.S. 817, 821 (1977). Prison officials cannot interfere with inmates attempting to comply with filing requirements and officials must assist inmates with meeting procedural requirements, such as providing copies, if inmates cannot meet the requirements themselves. See Allen v. Sakai, 48 F.3d 1082, 1085 (9th Cir. 1994) (defendants' denial of photocopy service constituted denial of access to courts where petition for collateral relief was dismissed because plaintiff failed to enclose multiple copies).

In this case, plaintiff admits his petition was dismissed because it was late, and not because plaintiff failed to submit sufficient copies. Compl. at 2:13-18 & Ex. 3 at 1-3. Plaintiff also admits that his petition for review would not have been dismissed as untimely if plaintiff would have submitted a single copy of the petition to the California Supreme Court before the filing deadline passed. Def't's Statement of Undisputed Facts in Supp. of Mot. for Summ. J. (SUF), Ex. A at 74:16-23; Opp'n at 6:21-23, 12:16-18; see also Compl., Ex. 3 at 1. Plaintiff claims he was not aware that a single copy would have been accepted until after his petition was deemed untimely.[4] SUF, Ex. A at 74:19-23; Opp'n at 12:4-18. He was, however, able to send a letter to the Supreme Court on October 7, 1999, two days before his filing was due. Compl. at 3; Cross Mot. for Summ. J. at 6:7-9.

Based on these facts, plaintiff has admitted he was not denied access to courts by

---

was not provided with a large envelope, which also contributed to his inability to file his petition for review on time. Cross Mot. for Summ. J. at 5:4-11, 8:27-9:5; Opp'n at 12:16-23, 19:12-16. Plaintiff's suggestion is not in the form of direct, verified assertion. In any case, the complaint does not allege lack of a large envelope as a facet of plaintiff's access to courts claim.

[4] Plaintiff does not claim that his misapprehension of how the Supreme Court rules on number of copies would be applied was somehow attributable to defendant.

6

1  defendant failing to provide plaintiff with additional copies of his petition for review before the
2  deadline for filing the petition passed. Plaintiff could have timely-filed his California Supreme
3  Court petition without copies, but did not because of his admitted misapprehension of California
4  law. Accordingly, defendant should be granted summary judgment on plaintiff's denial of access
5  to court's claim.

### D. State Law Claims

Defendant argues that plaintiff's state law claims are barred because plaintiff did not comply with the California Tort Claims Act by presenting the claims to the California Victim Compensation and Government Claims Board before filing suit in this court. See Cal. Gov't Code § 810 et seq.; State of Cal. v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1243 (2004) (failure to allege compliance with Tort Claims Act when suing a public employee under state law is generally failure to state a claim upon which relief can be granted).

The Tort Claims Acts only applies to claims concerning certain types of injuries. The Act defines "injury" as follows:

> "Injury" means death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person.

Cal. Gov't Code § 810.8.

Plaintiff's pro se characterization of his claims as sounding in tort notwithstanding, it does not appear from plaintiff's complaint that he asserts any of the injuries identified in section 810.8. Defendant fails to provide any legal authority suggesting plaintiff's asserted injuries fall under some category identified therein, or that the mere fact plaintiff demands money damages brings his claim under the Tort Claims Act.

Based on the record before it, the court will not dismiss plaintiff's state law claims for failure to state a claim. However, the court will recommend that supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 be declined and that his claims be

dismissed without prejudice to refiling in state court. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 18, 2004 "Motion For Transcript Of The Deposition Hearing" is denied; and

2. Defendant's February 3, 2005 request to file further opposition to plaintiff's motion for summary judgment is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant's December 2, 2004 motion for summary judgment be granted as to plaintiff's denial of access to court's claim and denied as to plaintiff's claims arising under state law;

2. Plaintiff's January 18, 2005 cross-motion for summary judgment be denied;

3. The court dismiss plaintiff's state law claims without prejudice to refiling in state court; and

4. This case be closed.

/////
/////
/////
/////
/////
/////
/////
/////
/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within five days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

1
bush1653.57(a)